UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
|---|---|---|---|

| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* |
|---|---|

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      ORDER REMANDING THE CASE TO STATE COURT

### I.      Introduction

Before the Court is a removed state court action for alleged violations of California state law. For the following reasons, the Court remands, *sua sponte*, to the Superior Court of California.

### II.      Relevant Background

According to the Complaint, Plaintiff David Demerchyan ("Plaintiff") purchased a 2022 Mercedes-Benz GLA-Class, VIN No. W1N4N5BB7NJ406589 (the "Subject Vehicle"), on March 10, 2024. Complaint, ECF No. 1-1, Ex. A ¶ 8. The Subject Vehicle came with express warranties from Defendant Mercedes-Benz USA, LLC ("Defendant"), namely "a 4-year/50,000 mile express bumper to bumper warranty, a 4-year/50,000 mile powertrain warranty" and "various emissions warranties." *Id.* ¶ 9. During the warranty period, the Subject Vehicle then manifested defects allegedly covered by those warranties, particularly affecting the "electrical and transmission system." *Id.* ¶¶ 10, 20, 24. Plaintiff presented the Subject Vehicle for repairs at least two times, but Defendant failed to repair the vehicle, replace the vehicle, or provide restitution to Plaintiff. *Id.* ¶¶ 12-13, 25-27.

                                                                        :

|  | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
|---|---|---|---|
| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* | | |

# JS-6

As a result, on February 20, 2026, Plaintiff filed suit in Superior Court of California, County of Los Angeles, alleging violations of the California Song-Beverly Act for breach of implied and express warranties. *Id*. ¶¶ 18-45. Plaintiff sought relief in the form of: "general, specific, and actual damages," rescission of the purchase contract and restitution," "diminution in value," "incidental and consequential damages," a civil penalty in the amount of two times Plaintiff's actual damages," "prejudgment interest," reasonable attorney's fees and costs of suit," and "other and further relief." *Id.* at 7.

Defendant removed this case to federal court on March 26, 2026, on the basis of diversity jurisdiction. Notice of Removal, ECF No. 1. On April 24, the Court challenged the existence of diversity jurisdiction and ordered Defendant to show cause why the case should not be remanded. ECF No. 13. Defendant responded on May 8, 2026. Response to Order to Show Cause ("Response"), ECF No. 14.

## III.   Legal Standard

"'Federal courts are courts of limited jurisdiction.'" *Nieratko v. Ford Motor Co.*, 2021 WL 4438397, at *1 (S.D. Cal.) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)). Accordingly, federal courts may hear cases only as authorized by the Constitution and by statute. *Id.* Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

To invoke a district court's diversity jurisdiction, a party must demonstrate that there is both complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Nieratko*, 2021 WL 4438397, at *2; 28 U.S.C. § 1332(a)–(a)(1).

Importantly, "'the burden of establishing federal jurisdiction is on the party invoking federal jurisdiction.'" *Nieratko* 2021 WL 4438397, at *2 (quoting *United States v. Marks*, 530 F.3d 799, 810 (9th

|  |  | : |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03263-SVW-BFM | | Date | July 1, 2026 |
|---|---|---|---|---|
| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* | | | |

# JS-6

Cir. 2008)). There is a strong presumption against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also Gonzalez v. FCA US, LLC*, 2020 WL 1444941, at *1 (C.D. Cal.). The removing defendant bears the burden of establishing original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

## IV.   Discussion

### A.  Amount in Controversy

Defendant contends that the $75,000.01 amount in controversy requirement is satisfied by a combination of actual damages, civil penalties, and attorneys' fees. *See* Response. The Court addresses all three below.

#### i.       Actual Damages

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). This reduction, often called the "milage offset" is based on miles driven before the first attempted repair of the defect. The formula to calculate the mileage offset is as follows:

$$\frac{\text{\# of Miles Drive Between Purchase \& First Repair Attempt}}{120{,}000 \text{ Miles}} = \text{Use Offset Multiplier}$$

$$\begin{array}{l}\text{Purchase Price} \\ \text{x } \underline{\text{Use Offset Multiplier}} = \\ \text{Use Offset Deduction}\end{array} \quad \rightarrow \quad \begin{array}{l}\text{Purchase Price} \\ - \underline{\text{Use Offset Deduction}} = \\ \text{Restitution}\end{array}$$

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898 (S.D. Cal. 2021) (citing *Wickstrum v. FCA USA LLC*, 2021 WL 532257, at *1-2 n.2 (S.D. Cal.). When calculating actual damages for the purpose of determining the amount in controversy, the Court must include the statutory offset. *See D'Amico v. Ford*

:

Initials of Preparer     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
|---|---|---|---|

| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* |
|---|---|

# JS-6

*Motor Co.,* 2020 WL 2614610, at \*2-3 (C.D. Cal.) (collecting cases); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018).

Actual damages available in Song-Beverly cases should be reduced by additional statutorily provided offsets, including (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at \*2 (C.D. Cal.); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly claims).

Here, the Court has reviewed the Retail Installment Sale Contract ("RISC") for the Subject Vehicle. Response, Ex. A. The RISC reveals that the Subject Vehicle, which had a cash price of $38,940, was purchased according to an arrangement, whereby Plaintiff paid $901.46, monthly, for 72 months, beginning April 25, 2024 (with the final payment due on March 25, 2030). As this Court addressed in a prior order in *Armando Escamilla Bastida v. Ford Motor Company et al.*, 5:25-cv-00751-SVW (June 6, 2025) (the "Bastida Order"), there is some ambiguity as to restitution plausibly sought in this type of case when the amount "payable" differs from the amount "paid." As in *Armando*, the Court finds that the proper estimate of restitution in this circumstance—where the Subject Vehicle's sales price has been only partially paid by Plaintiff, but the total number of payments made have not been disclosed by either party—should be calculated by adding the value of Plaintiff's down payment (if applicable) to the sum of every monthly payment made before the filing of the instant lawsuit. *See also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) (holding that limiting a Song-Beverly plaintiff's recovery to payments actually made is consistent with the logic and purpose of the Act, consistent with

|  |  | : |
|---|---|---|
| Initials of Preparer | DTA |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
|---|---|---|---|

| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* |
|---|---|

# JS-6

the general principal of restitution, and consistent with comparable laws of other states). Accordingly, the Court calculates Plaintiff's actual, restitutionary damages to be $19,832.12[1] before offsets are applied.

Furthermore, the Court has reviewed a repair order for the Subject Vehicle at Mercedes Benz of Beverly Hills—a document provided to the Court by Plaintiff in response to its jurisdictional challenge. ECF No. 14, Ex. B. This repair order demonstrates that the first relevant repair attempt occurred when the Subject Vehicle's mileage was measured at 1,244. The RISC, in turn, reveals that at the time of Plaintiff's purchase, the Subject Vehicle's odometer read 119. The vehicle was therefore evidently driven 1,125 miles before the first relevant repair attempt. Applying the appropriate formula, the Court calculates the proper mileage deduction to be $185.93.[2] Applying the deduction, the Court finds the total, adjusted restitutionary damages to be $19,646.19.

Finally, the RISC reveals that, at the time of purchase, negative equity from a traded in 2022 Toyota Corolla, in the amount of $-4,726.73 was incorporated in the transaction. Under Cal. Civ. Code § 871.27, this amount would be necessarily reduced from the total damages award, bringing the total restitutionary damages plausibly in controversy to $14,919.46.

### ii.    Civil Penalties

Damages under the Song-Beverly Act also may include a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code §§ 1794(c), 1794(e). However, these civil penalties are available only when either: (1) the defendant's violation was willful, or (2) the violation related to a new vehicle, as per Cal Civ. Code § 1793.2(d)(2), and the manufacturer or representative defendant failed to maintain a qualified third-party dispute resolution process. Cal Civ. Code §§ 1794(c), 1794(e). Here, there is no

---

[1] This total is the product of the $901.46 monthly payment and the 22 total payment dates between April 25, 2024, and the filing of the instant lawsuit on February 20, 2026).

[2] The total is the product of the use offset multiplier, which is .009375 (the quotient of the 1,125 miles driven before the first relevant repair and the 120,000 base anticipated by the statute) and the actual restitutionary damages before the offset, previously calculated to be $19,832.12.

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
|---|---|---|---|

| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* |
|---|---|

# JS-6

indication that Defendant failed to maintain a qualified third-party dispute resolution process, so the analysis of whether civil penalties may be included in determining the amount in controversy turns on whether Plaintiffs have sufficiently alleged that Defendant's violation was willful.

In these cases, when a plaintiff's allegations of willful infringement are conclusory, district courts are split on whether civil penalties may be considered when determining the amount in controversy. *See Ferguson v. KIA Motors Am. Inc.*, 2021 WL 1997550, at *3 (E.D. Cal.) (collecting and comparing cases in Southern and Central Districts of California and stating "[d]istrict courts in the Ninth Circuit are split on whether to include Song-Beverly Act civil penalties in calculations to assess the amount in controversy").

To be sure, some courts have found civil damages to be properly included, even upon conclusory allegations. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) ("there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy"); *see also Luna v. BMW of N. Am., LLC*, 2018 WL 2328365, at *4 (S.D. Cal.) (including the maximum civil penalty in the amount in controversy); *see also Lee v. FCA US, LLC*, 2016 WL 11516754, at *2 (C.D. Cal.) (same).

However, other courts—likening civil penalties to comparable punitive damages—have been reluctant to include them in the amount in controversy calculation without additional evidence. *See Ronquillo v. BMW of N. Am., LLC, No.*, 2020 WL 6741317, at *3-4 (S.D. Cal.) (holding that defendant had failed to establish that the amount in controversy should include a civil penalty when the complaint's request for a civil penalty was conclusory and defendant did not point to specific allegations justifying the appropriateness of civil penalties or analogizing to cases where such penalties were awarded); *see also Khachatryan v. BMW of N. Am., LLC*, 2021 WL 927266, at *3 (C.D. Cal.) (finding "the defendant must make some effort to justify the assumption [that civil damages be included in the amount in controversy] by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty" and citing *Zawaideh v. BMW of North America*, 2018 WL 1805103, at *2

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
|---|---|---|---|

| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* |
|---|---|

# JS-6

(S.D. Cal.)); *see also Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal.) (finding defendant had not met its burden to establish maximum available civil penalties should be added to the amount in controversy where the complaint alleged the violation was willful because defendant, with knowledge of its inability to repair the vehicle, failed to provide redress to plaintiff, and opining, "[i]f such boilerplate allegations were sufficient to defeat remand, then virtually any Song-Beverley action involving a new vehicle purchase would remain in federal court").

As was already clarified in the Bastida Order, this Court finds the latter approach more persuasive. Defendant bears the burden of establishing removal jurisdiction by a preponderance of the evidence. *Garrett v. Mercedez-Benz USA, LLC*, 2023 WL 2813564 (C.D. Cal.) (citing *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018)). Gesturing to a bare request by Plaintiff for civil penalties, with only a conclusory allegation of willfulness, absent facts making willfulness plausible—falls short of that standard. Furthermore, allowing such minimal allegations to support removal would run counter to the strong presumption that must exist *against* removal jurisdiction.

Here, Plaintiff's request for civil penalties is penalties is supported by only conclusory allegations of willfulness. Compl. ¶ 32 ("Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damage for [Defendant's] willful failure to comply with its responsibilities under the Act.") Defendant has provided no additional evidence to support a plausible inference of willfulness or to allow the Court to establish that any definite amount of civil penalties would be appropriate in this case. Therefore, the Court does not consider Song-Beverly Act civil penalties when calculating the amount in controversy.

### iii.    Attorneys' Fees

Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Under the Song-Beverly Act, in particular, "if the buyer establishes a violation under Cal.

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* | | |

# JS-6

Civ. Code §§ 1763.2(d)(2) or 1764, he "shall" recover reasonable attorneys' fees. Cal. Civ. Code §§ 1764(d)-(e)(1). Accordingly, attorneys' fees may be included in the calculation of the amount-in-controversy under Song-Beverly claims.

Here, there is no compelling evidence submitted by either party to support a definite calculation of reasonable attorneys' fees at the time of removal. Defendant has requested the Court take judicial notice of rulings on motions for attorneys' fees in several other cases. ECF No. 15. However, the Court has reviewed each of these materials and determined that any comparison to final figures in those cases is largely speculative because each was calculated at the end of the case ending in settlement or verdict, which followed its own unique course and required differing numbers of hours. Defendant has not offered compelling evidence as to why the hourly requirements under the particular facts of the case at bar should be comparable to the cases submitted. Nor has Defendant shown by a preponderance of the evidence that this case will procedurally resemble the cases submitted. Moreover, none of the cases cited calculated the hours at the time of removal, which is the relevant figure here.

It is not presently necessary for the Court to determine exactly what non-speculative attorneys' fees have been established by Defendant. It is sufficient to say that Defendant estimates attorneys' fees to total $21,000, which is manifestly insufficient to reach the amount in controversy when combined with the $14,919.46 of actual damages at issue in the case. *See* Response at 9. To reach the amount in controversy requirement, attorneys' fees would need to amount to $60,080.54. At a rate of $600 per hour—on the absolute high end of those Defendant proposes to compare the instant case, this would require over 100 hours, and Defendant does not attempt to establish that such an expenditure of time will be required in this case.

Therefore, the Court finds that Defendant has not met its burden of showing that reasonable, non-speculative attorneys' fees will bring the amount in controversy over the required threshold to allow this Court to exercise diversity jurisdiction over the action.

|  |  : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-03263-SVW-BFM | Date | July 1, 2026 |
| Title | *David Demerchyan v. Mercedes-Benz USA, LLC, et al.* | | |

# JS-6

**V.     Conclusion**

For the foregoing reasons, the Court REMANDS the case, *sua sponte*, to the California Superior Court, County of Los Angeles for further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer     DTA

---